IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America<br><br>Plaintiff(s),<br><br>v.<br><br>Melvin Bell<br><br>Defendant(s). | Case No. 13 CR 949-1<br>Judge Virginia M. Kendall |

## ORDER

The Court denies Bell's (1) "demand" to dismiss the Indictment "by collateral estoppel (Dkt. No. 93); (2) "demand" for dismissal for lack of jurisdiction (Dkt. No. 95); (3) "demands for production via FOIA #2" (Dkt. No. 107); (4) "demands for production via FOIA and notices of non-consent" (Dkt. No. 109); and (5) "demand to dismiss for failure to state a cause of action" (Dkt. No. 110). The Court grants in part Bell's "demand for interrogatories #1" (Dkt. No. 108).

## STATEMENT

The Government charged Defendant Melvin Bell with four counts of mail fraud in violation of 18 U.S.C. § 1341. *See* Dkt. No. 1. The Government's contentions revolve around Bell's participation in a scheme to defraud homeowners in Illinois by offering lower mortgage payments and dues while falsely claiming that the entity for which he nominally worked, Washington Mutual Trust, was operated by wealthy Native Americans and therefore exempt from the laws of Illinois and the United States. As has become commonplace throughout these proceedings, Bell has filed a litany of *pro se* filings demanding the immediate dismissal of the Indictment or seeking irrelevant information. As stated before, because Bell's motions cite to documents and invoke legal doctrines that have no bearing on the proceedings in the instant criminal case and contain frivolous arguments and positions that, however enunciated, have been summarily dismissed by the Seventh Circuit in the past, the Court denies Bell's motions seeking the dismissal of the Indictment.

Bell's motions can be divided into two categories: those seeking dismissal of the charges levied against him and those that the Court construes to be seeking discovery. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (documents filed *pro se* must be liberally construed).

A.  **Motions Seeking Dismissal of the Charges**

The motions filed at Dkt. Nos. 93, 95, 107, and 110, however titled, universally challenge both the Government's and this Court's jurisdiction. As the Court has explained before, Bell's arguments that the Court lacks jurisdiction over him are frivolous, devoid of value, and meritless. *See United States v. Jonassen*, 759 F.3d 653, 657 n. 2 (7th Cir. 2014) ("sovereign citizen"

arguments can take many forms and use many titles, but at their core, "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has 'no conceivable validity in American law.' ") (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)); *United States v. Bey*, 569 F. App'x 456, 459 (7th Cir. 2014) (assertions that a defendant is immune from prosecution in federal court are nothing more than "sovereign citizen" defenses).

Specifically, in Bell's motion to dismiss the Indictment "by collateral estoppel," he argues that the Government is collaterally estopped from prosecuting the instant Indictment because on August 3, 2010, the Shelby County District Attorney's Office in Memphis, Tennessee, entered a disposition of nolle prosequi on a number of traffic violations charged to Bell. *See* Dkt. No. 93 at 43. Although collateral estoppel is applicable in a criminal proceeding without reference to the double jeopardy clause, *see Loera v. United States*, 714 F.3d 1025, 1029 (7th Cir. 2014), the fact that a Tennessee District Attorney dropped a number of moving violations against Bell in no way collaterally estops the Federal Government from prosecuting Bell for mail fraud. *See Carter v. C.I.R.*, 746 F.3d 318, 321 (7th Cir. 2014) ("Under the doctrine of collateral estoppel (also known as issue preclusion), once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.") (citation and quotation marks omitted); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) ("Issue preclusion has the following elements: (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action."). Bell's position is that because the Shelby County District Attorney dropped its charges, he is immune from prosecution here. But nothing in Bell's filings demonstrate that Shelby County dropped the traffic violations because of Bell's claims to diplomatic immunity, and even if it had, that the Federal Government's interests were represented by Shelby County. *See Setser v. United States*, 132 S. Ct. 1463, 1471 (2012) (under American system of dual sovereignty, "each sovereign— whether the Federal Government or a State—is responsible for the administration of its own criminal justice system") (citation and annotations omitted). Because the disposition of Bell's traffic violations in Shelby County, Tennessee is wholly unrelated to the pending federal Indictment charging Bell with mail fraud, the Court denies Bell's demand to dismiss the Indictment by collateral estoppel.

The Court denies Bell's "demand" for dismissal due to "lack of special admiralty and maritime jurisdiction" (Dkt. No. 95), "demands for production via FOIA #2" (Dkt. No. 107) and "demand to dismiss for failure to state a cause of action" (Dkt. No. 110) because they are based on a misunderstanding of the Government's charges against him and uniformly challenge the Government's jurisdiction over him. Bell's "demands" for dismissal assert that because "the indictment alleges special admiralty and maritime jurisdiction to try this case," (Dkt. No. 95 at 2), the Indictment must be dismissed because the Government "failed to allege ultimate facts to establish [the Government] suffered any damages." (Dkt. No. 110 at 1.) Bell is mistaken. The Government charged Bell with four counts of mail fraud in violation of 18 U.S.C. § 1341 and in no way invokes "special admiralty and maritime jurisdiction." *See* Dkt. No. 1. Section 1341 makes it unlawful for an individual to participate in a scheme to defraud and use the United States mails in furtherance of that scheme. 18 U.S.C. § 1341; *United States v. Useni*, 516 F.3d 634, 648 (7th Cir. 2008). The Indictment contends that Bell and his co-defendants obtained a

significant sum of money from over fifty homeowners "by falsely promising that Washington National Trust would save homeowners' homes from foreclosure and lower their monthly mortgage payments, when defendants knew such representations were false." (Dkt. No. 1 at 2.) Moreover, although it is not necessary for the Government to prove that Bell's alleged fraud resulted in an actual loss to support a conviction for mail fraud, *see, e.g.*, *United States v. Hollnagel*, No. 10 CR 195-1,3, 2013 WL 5348317, at *6 (N.D. Ill. Sept. 24, 2013), the Government alleges that Bell and his co-defendants actually obtained money from defrauded homeowners in the course of the scheme. Accordingly, because the Indictment in no way relies upon admiralty or maritime jurisdiction, Bell's motions to dismiss are misguided and the Court denies both.

Bell's "demand[] for production via FOIA #2" seeks "strict proof of claim" that the "Constitution of the United States of America is the Supreme Law of the Land," while similarly requesting "strict proof of claim" that a number of federal statutes, Illinois statutes, Supreme Court cases, and congressional mandates apply to the Government. *See generally* Dkt. No. 107. While titled as a document production request, in substance this is yet another creative challenge to the Government's and this Court's jurisdiction that this Court summarily denies. *See United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (dismissing jurisdictional arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law).

**B.    Discovery Motions**

Bell additionally filed two motions that the Court construes as discovery requests. *See Erickson*, 551 U.S. at 94. The Court denies Bell's "demand for production via FOIA and notice of non-consent" (Dkt. No. 109) because it seeks personal information regarding the employment of the prosecutor assigned to the case and other irrelevant information. Additionally, the demand again seeks to demonstrate that Bell is not subject to the Government's jurisdiction. *See* Dkt. No. 109 at 3 (posing questions such as "Are you aware that I have an unalienable right not to be part of state or federal government?" and "Are you aware that government cannot act against a non-consenting party without an order of a judicial court that has acquired jurisdiction over that party?") Because the "demand" seeks no relevant information and instead continues Bell's attempt to demonstrate that the Government lacks jurisdiction, the Court denies the request.

However, the Court grants in part Bell's "demand for interrogatories #1" (Dkt. No. 108) because it seeks disclosure of relevant information to his defense. In this filing, Bell requests the Government provide a list of "members material to this case" that received "modifications," "loans," "new mortgages," "re-financing," "brokering," and "loan origination" from Bell. *See* Dkt. No. 108 at 1-2. To the extent Bell seeks discovery in the Government's possession that has not yet been turned over, the Court directs the Government to continue to abide by its disclosure obligations and disclose factual discovery to Bell. The Court additionally directs Bell to Dkt. No. 117 for the schedule of pretrial deadlines.

For the foregoing reasons, the Court denies Bell's motions except for Dkt. No. 108.

Date: 5/1/2015

Virginia M. Kendall
United States District Judge